UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRADY LAVICK ADAMS,

        Petitioner,

v.                                    Case No:  5:20-cv-545-Oc-60PRL

WARDEN, FCC COLEMAN,

        Respondent.
_____/

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

Petitioner, a federal prisoner housed at FCC Coleman, initiated this action by filing a pro se 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. 1).  In 1995, a jury in the Northern District of Florida found Petitioner guilty of kidnapping, possession of a firearm during the kidnapping, and possession of a firearm by a convicted felon.  <u>See</u> <u>United States v. Brady Lavick Adams</u>, 83 F.3d 1371 (11th Cir. 1996).  Petitioner is currently serving a life term of incarceration for those crimes.  <u>Id.</u>

In the Petition, Petitioner alleges he tested positive for COVID-19 on October 6, 2020, and as a result, he was hospitalized and suffered blood clots in his lungs (Doc. 1 at 11-12).  He claims that he has since recovered and returned to FCC Coleman, but argues the facility lacks the capability to adequately protect him from reinfection (<u>id.</u> at 14).  He requests that the Court order his "immediate placement in 'home confinement' and 'electronic monitoring' due to his vulnerability to COVID-

19 and potential likelihood that it could prove fatal if [he is] reinfected in the current 'second wave'" (id. at 7).

Petitioner appears to seek compassionate release to home confinement pursuant to the CARES Act outlined in 18 U.S.C. § 3582(c), and as amended by Section 603(b) of the First Step Act.  Before the passage of the First Step Act, only the Director of the Bureau of Prisons could file a motion for compassionate release.  However, Section 603(b) of the Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a *sentencing court* to modify a sentence either on a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).

Here, it is not clear whether the BOP has refused to file a motion for compassionate release on Petitioner's behalf, and if so, whether Petitioner exhausted his administrative appeals.  Even assuming Petitioner fully exhausted the claim, the "BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable."  Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases); see also DeLuca v. Lariva, 586 F. App'x 239, 240 (7th Cir. 2014); Cruz-Pagan v. Warden, FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012).  If Petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court.  See 18 U.S.C. § 3582(c)(1)(A); see also Frank Davis Moore, Jr. v. Warden, FCC Coleman,

No. 5:20-cv-207-Oc-37PRL (M.D. Fla. May 12, 2020) (dismissing without prejudice § 2241 petition seeking compassionate release because the petitioner must file request in sentencing court); <u>Himmel v. Upton</u>, No. 4:18-CV-804-O, 2019 WL 1112923, at *2 n. 6 (N.D. Tex. Mar. 11, 2019) ("any motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court").  For these reasons, the Court dismisses the Petition without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.  Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[1]

---

[1] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, the Court will deny a certificate of appealability.

**DONE AND ORDERED** in Tampa, Florida, this 7th day of December, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Jax-7

C: Brady Lavick Adams, #10193-017